

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) Criminal No. 2:19-cr-129-JDL |
| | ) |
| PAUL GRAZIA | ) |
| | ) |

## GOVERNMENT'S VERSION OF THE OFFENSE

Had the case proceeded to trial, the evidence would have shown beyond a reasonable doubt that on approximately December 14, 2016, this defendant caused to be submitted a false and fraudulent document to a MaineCare auditor in response to an audit request.

The evidence would include testimony from lay witnesses, law enforcement personnel involved in the investigation, and public agency records. This evidence would establish the facts outlined below.

For all times relevant to this case, Medicaid was a health care benefit program funded with federal and state funds. It was administered by the U.S. Department of Health and Human Services and by state agencies. In Maine, Medicaid was part of MaineCare and was administered by the Maine Department of Health and Human Services. Under MaineCare regulations, a provider was required to make contemporaneous documentation justifying the level of service billed, and retain the documentation for a specified duration. Failure to create or retain the required documentation could result in a recoupment of the funds MaineCare paid on the claim submitted by the provider.

Beginning in approximately February 2016, defendant was employed as a supervisor of the case managers at Facing Change. Facing Change and the defendant were registered providers with MaineCare and some claims for MaineCare reimbursement for services provided by the case managers were submitted under defendant's provider number.

In October 2016, an auditor with the MaineCare Program Integrity Unit, as part of an audit of Facing Change, requested documentation for numerous claims that MaineCare had paid based upon claims submitted by Facing Change. Personnel at Facing Change, including the defendant, reviewed the patient charts related to the claims requested by the auditor, and determined that the requested documentation was inadequate, incomplete, and/or missing. For instance, medical treatment plans that required a client's signature were missing, incomplete, or unsigned by the patient. Defendant and others knew that based upon the existing documentation that Facing Change would incur a significant recoupment obligation as a result of the inadequate documentation.

Over the next several weeks, defendant and other persons reviewed the charts and flagged paperwork that was inadequate or missing. Other persons, including numerous case managers under the defendant's supervision and control, then created or altered the documentation to make it appear Facing Change had the appropriate documentation for the submitted claims. This process included creating treatment plans and/or obtaining patient signatures on treatment plans and backdating the signatures to make it appear the signatures had been obtained in a timely manner.

On December 14, 2016, Facing Change submitted documentation to the auditor for the specified claims. Included in this documentation were the numerous documents that had been created or altered by the defendant and other persons at Facing Change.

-3-

Dated at Portland, Maine this 8th day of July, 2019.

                                              HALSEY B. FRANK
                                              UNITED STATES ATTORNEY

                                              /s/ D. J. Perry
                                              Daniel J. Perry
                                              Assistant U.S. Attorney
                                              U.S. Attorney's Office
                                              100 Middle St.
                                              Portland, ME 04101

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

### CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019 I mailed the foregoing Government's Version of the Offense to the following:

Robert Levine, Esq.

/s/Daniel J. Perry
Assistant United States Attorney